IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                  CASE NO. 1:12-cv-159-SPM-GRJ

WILLIAM S CERVONE,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

    Plaintiff was an inmate at the Alachua County Jail when he initiated this case by filing a *pro se* Complaint pursuant to the Federal False Claims Act. He seeks leave to proceed as a pauper. (Docs. 1, 6.) Plaintiff is proceeding pursuant to an Amended Complaint. (Doc. 5.) Plaintiff alleges that William S. Cervone, State Attorney for the Eighth Judicial Circuit of Florida, violated the Federal False Claims Act with his "corrupt organization." (Doc. 5.) This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. Upon due consideration, the Court concludes that this case should be dismissed as frivolous.

    Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251

F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff' alleges that prosecutor Cervone has violated the Federal False Claims Act by way of running a corrupt organization that pursues false arrests and false prosecutions; assembling a group of social services workers; imprisoning people without the ability to pay; and having no oversight.  For relief, Plaintiff seeks $150 million.

Plaintiff has failed to allege a violation of the False Claims Act (FCA), 31 U.S.C. § 3729.  He has presented the Court with a series of allegations that are generally unclear, unintelligible, and conclusory and fail to support any causes of action set forth. Plaintiff has not alleged that any false claims for payment were submitted to the government by Defendant.  Although Plaintiff has advised the Court on more than one occasion that his suit is a FCA action and <u>not</u> a civil rights action, to the extent that he is asserting any civil rights claims, he has failed to allege any in his amended complaint. Even if he were, it is likely they would be barred by the *Younger* abstention doctrine or prosecutorial immunity.

This is not Plaintiff's first foray into filing frivolous pleadings in this Court.  In fact, in a previous suit in this Court (which Plaintiff did not disclose in his amended complaint), Plaintiff was sanctioned for filing "numerous frivolous motions."  *Neville v.*

*Case No: 1:12-cv-159-SPM-GRJ*

*Botsford,* Case No. 1:06-cv-199-MP-AK, (Doc. 122, June 15, 2010).  Plaintiff was ordered to pay $1,690.00 in attorney's fees, payable to Defendants, and $3,380.00 in fines, payable to the Clerk of Court no later than July 13, 2010.  (*Id.*)  It does not appear that Plaintiff ever paid the fine as ordered by the Court.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Leave to proceed as a pauper, Doc. 6, should be **GRANTED** for the limited purpose of screening this case.

2.  This case be **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(I).  Such dismissal will operate as a "strike" pursuant to  28 U.S.C § 1915(g).

3.  If this Report and Recommendation is adopted, no further filings of any kind be accepted by Plaintiff until the $3,380.00 sanction in Case No. 1:06-cv-199-MP-AK is paid, at least in part.

**IN CHAMBERS**  this 3rd day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**